## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Energy & Environment Legal Institute**<br>722 12th ST, NW #400<br>Washington, DC 20005<br><br>       **Plaintiff,**<br><br>       v.<br><br>**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES**<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>       **Defendant.** | Civil Action No. 16- 1622 |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY & ENVIRONMENT LEGAL INSTITUTE ("EELI") for its complaint against Defendant UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES ("the Department" or "HHS"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to three FOIA requests sent on May 5, 2016, and June 27, 2016, to two separate components of the Department of Health and Human Services, neither of which has sent the required response in accordance with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

1

3. In each request, plaintiff requested a fee waiver as provided by FOIA, due to the public interest in the information the records address, and the media and educational status of each requester.

4. HHS has acknowledged all three requests, but failed to respond to either as required.

5. Accordingly, plaintiff file this lawsuit to compel the Department to comply with the law and produce the properly described public records in these FOIA requests.

## PARTIES

6. Plaintiff Energy & Environment Legal Institute ("EELI") is a nonprofit research, public policy and public interest litigation center incorporated in Virginia, with offices in Washington, DC.  E&E Legal is dedicated to advancing responsible regulation and, in particular, economically sustainable environmental and energy policy.  E&E Legal's programs include analysis, publication, and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

7. Defendant HHS is a federal agency headquartered in Washington, DC with constituent agencies the Agency for Toxic Substances and Disease Registry (ATSDR), under the Center for Disease Control, and the National Institutes of Health (NIH).

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this brought in the District of Columbia, and because plaintiff and the defendant all maintain offices in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

9. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

## FACTUAL BACKGROUND

10. In its request for certain HHS public records held by its agency the National Institutes of Health (NIH), plaintiff sought copies of all correspondence of two NIH employees, which also include certain other parties to the correspondence and one of two keywords over a specified period of time. NIH assigned this request FOIA Case No. 45059.

11. HHS, through NIH, acknowledged receipt of this request, assigning it request FOIA Case No. 45059.

12. HHS has not estimated the volume of responsive records, or the FOIA exemptions which might apply to such records, or the timeframe during which plaintiff could expect a response. It asserted "we are not addressing your request for fee waiver at this time". It has provided no other response.

13. In its ATSDR request for public records, sent July 5, 2016, plaintiff sought copies of certain types of correspondence involving described employees which related to glyphosate and the "Proposed Substances to be Evaluated for **Set 28** Toxicological Profiles", which were sent over the approximately one month period from May 22, 2014 through June 20, 2014.

14. HHS, through ATSDR, acknowledged receipt of this request, assigning it tracking number 16-00908-FOIA.

3

15. HHS has not estimated the volume of responsive records, or the FOIA exemptions which might apply to such records, or the timeframe during which plaintiff could expect a response. It classified plaintiff as "Category I" requester, however on this request it did grant plaintiff a fee waiver.

16. In the other ATSDR request for public records, sent June 27, 2016, plaintiff sought copies of certain types of correspondence involving described employees which included one or more of eleven keywords dated over a one week period, April 29- May 6, 2016.

17. HHS, through ATSDR, acknowledged receipt of this request, assigning it tracking number 16-00892-FOIA.

18. HHS has not estimated the volume of responsive records, or the FOIA exemptions which might apply to such records, or the timeframe during which plaintiff could expect a response. It classified plaintiff as a "Category III", requester, and failed to respond to plaintiff's request for a fee waiver thereby constructively denying plaintiff's requests in the alternative for the waiver of fees.

**Defendant's Reply and Subsequent Proceedings**

19. Defendant owed a response to plaintiff within 20 working days from each request.

20. Defendant has only provided an acknowledgement letter to each request, but no response or records responsive to either.

21. Defendant owed plaintiff a substantive response to its May 5, 2016 request, which the agency acknowledged receiving on May 6, 2016 request by June 3, 2016.

4

22. Defendant owed plaintiff a substantive response to its June 27, 2016 request by July 27, 2016.

23. Defendant owed plaintiff a substantive response to its July 5, 2016 request by August 3, 2016.

24. Therefore, defendant has failed to comply with its obligations under *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013), which requires an agency provide either responsive records, or an estimate of the volume of records, and schedule of production and what exemptions the Department might claim under FOIA, within that 20-day timeframe.

25. HHS has yet to produce responsive documents to the plaintiff, or otherwise comply with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

26. By failing to respond to plaintiff's requests in the required time in violation of statutory deadlines, defendant has missed its statutory deadlines to substantively respond, failed to act as promised, and by this inaction, also waived any ability to now seek fees.

27. Plaintiff has constructively and actually exhausted the administrative process as regards these requests, both because of HHS failure to abide by FOIA's statutory deadlines, and because HHS has not properly advised plaintiff of the finality of its decisions or any relevant appellate rights.

## ARGUMENTS

28. Transparency in government is the subject of high-profile promises from the president and attorney general of the United States arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

29. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

30. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. HHS did not seek additional information from plaintiff regarding the requests at issue in this suit.

31. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies

that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59.  To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

32. Defendant HHS owes plaintiff records responsive to the requests at issue in this suit, which requests reasonably described the information sought and were otherwise filed in compliance with applicable law, subject to legitimate withholdings, and has failed to provide responsive records or any substantive response in violation of statutory deadlines.

33. Further, should the Department cross-complain or otherwise argue that its failure to perform is because it is due fees, plaintiff notes that defendant has waived fees and/or waived its ability to assess fees under §552(a)(4)(A)(viii) by failing to substantively respond to plaintiff within the statutory deadline(s) .  The Department, therefore, has waived all fees and must produce the requested documents as required by law.

**FIRST CLAIM FOR RELIEF**
**Seeking Declaratory Judgment**

34. Plaintiff re-alleges paragraphs 1-33 as if fully set out herein.

35. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

36. Plaintiff asks this Court to enter a judgment declaring that:

    a.      HHS's correspondence as specifically described in plaintiff's FOIA requests detailed, *supra*, is subject to release under FOIA;

    b.      The Department must release those requested records or segregable portions thereof subject to legitimate exemptions;

    c.      The Department may not assess or seek costs and fees for the requests at issue in this case, as plaintiff are entitled to a waiver of its fees.

## SECOND CLAIM FOR RELIEF
### Seeking Injunctive Relief

37. Plaintiff re-alleges paragraphs 1-36 as if fully set out herein.

38. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's FOIA requests detailed, *supra*, without fees, subject to legitimate withholdings.

39. Plaintiff asks the Court to order the defendant to produce to plaintiff, within 10 business days of the date of the order, the requested records described in plaintiff's FOIA requests, subject to legitimate withholdings.

40. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholds and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

41. Plaintiff re-alleges paragraphs 1-40 as if fully set out herein.

42. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

43. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA requests at issue in this case.

44. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 10th day of August, 2016,

_____/s/_____
Chaim Mandelbaum,
D.D.C. Bar No. VA86199
726 N. Nelson St, Suite 9
Arlington, VA 22203
703-577-9973
chaim12@gmail.com

*Counsel for Plaintiff*